```
                                                    FILED
                                              U.S. DISTRICT COURT
                                              DISTRICT OF KANSAS
         UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF KANSAS         05 MAY 18 PM 1:44

                                              RALPH L. DELOACH
                                                    CLERK
                                              BY_____DEPUTY
                                              AT KANSAS CITY, KS.
```

UNITED STATES OF AMERICA,            }
                                     }
            Plaintiff,                }
                                     }
v.                                   }   CIVIL NO. 05-CV-2198-GTV/JPO
                                     }
KENT A. MISEMER,                     }
                                     }
            Defendant.                }
                                     }
_____    }

## CONSENT DECREE OF PERMANENT INJUNCTION

Plaintiff, the United States of America, having commenced this action by filing its Complaint on the 13th day of _May_ 2005, and defendant Kent A. Misemer, having appeared and having consented to entry of this Decree without contest and before any testimony has been taken, and the United States of America having consented to this Decree, and having moved this Court for this injunction:

It is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and 1345, and 21 U.S.C. § 332(a). Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

2. The Complaint for injunction states a claim for relief against defendant Kent A. Misemer under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*

3. Defendant Kent A. Misemer is a resident of the State of Kansas and is the former Chief Executive Officer and President of York Pharmaceuticals, Incorporated.

4. Defendant Kent A. Misemer is hereby permanently restrained and enjoined, whether directly or acting indirectly through any agent, employees, business, corporation, investment, subsidiary, division, or other entity, from performing or causing to be performed any of the following acts:

  a) the development, or submission for development or approval, of any drug, as defined in 21 U.S.C. § 321(g); device, as defined in 21 U.S.C. § 321(h); or biological product, as defined in 42 U.S.C. § 262(i); and

  b) the manufacture, remanufacture, preparation, propagation, compounding, processing, holding, or repackaging (or otherwise changing the container, wrapper, or labeling) of any drug, as defined in 21 U.S.C. § 321(g); device, as defined in 21 U.S.C. § 321(h); dietary supplement, as defined in 21 U.S.C. § 321(ff); or biological product, as defined in 42 U.S.C. § 262(i).

5. Defendant Kent A. Misemer shall pay the sum of one hundred thousand dollars ($100,000) as disgorgement of money received by him from York Pharmaceuticals Incorporated. This order for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture. Payment shall be made as follows: Within thirty (30) calendar days of the entry of this Consent Decree, defendant Kent A. Misemer shall deliver a payment of one hundred thousand dollars ($100,000), in the form of a certified or cashier's check made payable to the Treasurer of the United States. Such certified or cashier's check shall be delivered to the attention of: Director, Office of Consumer Litigation, Civil Division, Department of Justice, Washington, D.C. 20530. In the event of any default on any obligation to make payment under this section, interest, computed pursuant to 28 U.S.C. § 1961(a), shall accrue

from the date of default to the date of payment, and shall immediately become due and payable by the Defendant.

6. If defendant Kent A. Misemer violates this Decree and is found in contempt thereof, he shall, in addition to any other remedies, reimburse the plaintiff for its attorney fees including overhead, investigational expenses, and court costs relating to such contempt proceedings.

7. The Court retains jurisdiction over this action and the parties hereto for the purpose of enforcing and modifying this Decree and for the purpose of granting such additional relief as may hereafter be necessary.

8. Each party shall bear its own costs and attorney fees.

SO ORDERED:

DATED this 18 day of May, 2005.

*/s/ G. Van Bebber*
UNITED STATES DISTRICT JUDGE

## We Hereby Consent to Entry of the Foregoing Decree:

FOR THE DEFENDANT:

_____
KENT A. MISEMER
Defendant


_____
THOMAS J. BATH, ESQ.
Attorney for defendant
Bath & Edmonds, P.A.
Historic Voigts Building
7944 Santa Fe Drive
Overland Park, Kansas 66204
Kansas Bar # 12911


_____
DOUGLAS B. FARQUHAR, ESQ.
Attorney for defendant
Hyman, Phelps & McNamara, P.C.
700 13th St., NW
Suite 1200
Washington, DC 20005

FOR THE PLAINTIFF:

ERIC F. MELGREN
United States Attorney
District of Kansas

BY: _____
KIM M. Martin, # 13407
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: kim.martin@usdoj.gov


PETER D. KEISLER
Assistant Attorney General
U.S. Department of Justice


BY: _____
BARBARA T. WELLS (Va. Bar # 38282)
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044